# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 06-20-J |
| | ) |
| CHARLES O. DAUGHENBAUGH, | ) JUDGE KIM R. GIBSON |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION & TENTATIVE FINDINGS AND RULINGS

**AND NOW**, this 16th day of March, 2007, the Probation Office having conducted a presentence investigation and submitted a Presentence Investigation Report (hereinafter "PIR"); the United States having filed its position paper as required by Local Criminal Rule 32.1(D); Defendant having filed his position paper with regard to sentencing factors stating certain objections; and the Probation Office having submitted an addendum to the PIR pursuant to Local Criminal Rule 32.1(F), the Court makes the following tentative findings and rulings:

1) On January 5, 2007, Charles O. Daughenbaugh (hereinafter "Defendant") appeared before this Court and plead guilty to Count 1 of the indictment at Criminal Number 06-20-J, charging him with possession with intent to distribute five hundred grams or more of cocaine, a Schedule II controlled substance, on or about February 8, 2006, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii);

2) On February 14, 2007, the United States Probation Office prepared a PIR in this matter, noting that Defendant satisfied all but one element of the "Safety Valve" provision reflected in U.S.S.G. § 5C1.2(a). The PIR therefore calculated Defendant's Sentencing Guidelines range without reference to § 5C1.2;

3) On March 1, 2007, the United States filed a position with respect to sentencing factors, anticipating an amendment to the PIR and indicating that the government would have no objections to the amended PIR;

4) On March 5, 2007, Defendant filed his position with respect to sentencing factors raising

three points:

a) Defendant first claimed that, subsequent to the preparation of the PIR, he had cooperated with authorities, justifying a downward change in his offense level;

b) Secondly, Defendant indicated his belief that the totality of the circumstances warrants a sentence of home detention pursuant to U.S.S.G. § 5F1.2;

c) Lastly, Defendant argued that his particular circumstances, including remorse and employment history, were not adequately taken into consideration by the Sentencing Guidelines and justify a downward departure from the sentencing range contained therein.

5) On March 8, 2007, the Probation Office prepared an addendum to the PIR, which reported that Defendant has satisfied all the criteria of U.S.S.G. § 5C1.2(a) and adjusted the PIR's Sentencing Guidelines calculation accordingly;

6) Based on the foregoing, the Court tentatively rules as follows:

a) Defendant's Sentencing Guidelines range should include a downward departure of two points under U.S.S.G. § 2D1.1(b)(9), as Defendant satisfies the criteria set forth in U.S.S.G. § 5C1.2(a);

b) The Court makes no ruling on Defendant's request for home detention in lieu of imprisonment, but will hear any arguments and evidence that Defendant may wish to present at the March 30, 2007, sentencing hearing;

c) Similarly, the Court reserves judgment on Defendant's argument that his personal circumstances justify greater consideration than the Sentencing Guidelines provide. The Court tentatively interprets this argument as a motion under U.S.S.G. § 5K2.0 and shall rule on it at the March 30, 2007, sentencing hearing.

7) With consideration for the foregoing, the Court tentatively adopts the amended PIR in its entirety.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

Cc:  All counsel of record
     Warren S. Johnston, USPO

2